UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ISAIAH S. HARRIS, SR., *et al.*, | ) | CASE NO. 1:22-CV-1255 |
| Plaintiffs, | ) ) | JUDGE CHARLES E. FLEMING |
| vs. | ) ) | |
| DEBORAH S. HUNT, *et al.*, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) ) ) | |

## I.  INTRODUCTION

*Pro se* plaintiff Isaiah S. Harris, Sr., an inmate at Richland Correctional Institution, filed this civil rights action under 42 U.S.C. §§ 1983, 1985, and 1986, on behalf of himself and three purported family members and against the following court personnel: Deborah S. Hunt, Clerk of Court for the Sixth Circuit; Clarence Maddox, Circuit Executive of the Sixth Circuit; Susan Rogers, Chief Deputy Clerk of the Sixth Circuit; Marc Theriault, Circuit Executive of the Sixth Circuit; Julie Cobble, Chief Deputy Clerk of the Sixth Circuit; "Amy TBD," "Executives, Clerks, and Supervisors of the Sixth Circuit;" John and Jane Does, "Executives, Clerks, and Supervisors of the Sixth Circuit;" Clayton R. Higgins, Jr., Case Analyst of the United States Supreme Court; Scott S. Harris, Clerk of the United States Supreme Court; and John and Jane Does, "Executives, Clerks, and Supervisors of the United States Supreme Court." (ECF No. 1).

Harris's complaint centers on Defendants' actions surrounding the appeal of this Court's judgment dismissing Harris's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Id*. Harris seeks compensatory and injunctive relief. *Id*.

## II. BACKGROUND

According to the complaint, Harris filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of Ohio. *Id*. The Court dismissed his petition, finding Harris's claims were barred by the statute of limitations and he was not entitled to equitable tolling. *Id*. This Court also denied Harris's motion for reconsideration and certified that an appeal would not be taken in good faith. *See Harris v. Clipper*, No. 1:14CV846, 2017 U.S. Dist. LEXIS 88213 (N.D. Ohio June 8, 2017). Harris appealed the order dismissing his petition to the United States Court of Appeals for the Sixth Circuit. (*Id.*, ECF No. 30). The Sixth Circuit denied Harris's application for a certificate of appealability ("COA"). (*Id.*, ECF No. 35). Harris subsequently filed a petition for a writ of certiorari with the United States Supreme Court. (ECF No. 1). The Supreme Court returned Harris's filing, noting that the time to file a petition for a writ of certiorari had expired and the Court had no power to review the petition. *Id*.

In this action, Harris alleges that the Defendants violated 42 U.S.C. §§ 1983, 1985, and 1986 and have denied his access to the courts. He contends that Hunt "illegally" denied his COA in the Sixth Circuit because it was not issued by a circuit judge, and Maddox, Rogers, and "Does 1-10" failed to correct this action. Harris also alleges that Theriault, Cobble, Hunt, Amy, and Does 1-10 failed to file and docket Harris's application for a COA and motion to recall the mandate. Regarding the Supreme Court filing, Harris appears to allege that Higgins caused Harris's petition for a writ of certiorari with the United States Supreme Court to be deemed untimely and he continues to be a hindrance to Harris's filings. Finally, Harris claims that Higgins, Scott S. Harris, and John/Jane Does "failed to supervise, train, or intervene" and therefore "displayed a deliberate

indifference to any documented widespread abuses which highlight the culture of their office in relation to *pro se* litigants." (ECF No. 1, PageID 11).

Harris appears to also allege that the defendants' actions constitute a violation of 18 U.S.C. § 242. On behalf of his alleged family members, Harris also raises state claims of loss of consortium.

### III. STANDARD OF REVIEW

Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. By separate order, the Court grants that application. Accordingly, because Plaintiff is proceeding *in forma pauperis*, his complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the Complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). Explaining "plausibility," the Supreme Court stated that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "[t]he

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677–78. The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## IV. DISCUSSION

As an initial matter, a party may plead and conduct his or her case personally or through a licensed attorney. *See* 28 U.S.C. § 1654. A *pro se* litigant, however, may not represent anyone other than himself or herself. *See e.g. Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but [he] cannot be represented by a nonlawyer."); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear *pro se* on his own behalf, 'he has no authority to appear as an attorney for others than himself.'"); *see also Jackson v. Kment*, No. 13CV10819, 2016 WL 1042538, * 7 (E.D. Mich. Mar. 16, 2016) (finding Plaintiff lacks standing to seek injunctive relief

on behalf of "his friends and family members"). An adult litigant who wishes to proceed *pro se* must personally sign the complaint or petition to invoke the Court's jurisdiction. *Steelman v. Thomas*, 848 F.2d 194 (6th Cir. 1988); *Banks v. Valaluka*, No. 1:15 CV 1935, 2015 WL 7430077, *3 (N.D. Ohio Nov. 18, 2015) (citing 28 U.S.C. § 1654).

Here, the complaint attempts to raise claims on behalf of Harris's three children. Upon review, the Court finds that only Harris signed the complaint. The Court is therefore without jurisdiction to hear the claims of any adult child. And there is no indication from the complaint that Harris is a licensed attorney. Harris therefore lacks standing to seek relief on behalf of his children. Accordingly, the Court will address only Harris's claims.

Harris's complaint concerns the actions taken by quasi-judicial officers, including the Clerk of Court for the Sixth Circuit, Circuit Executives of the Sixth Circuit, Chief Deputy Clerks of the Sixth Circuit, the Clerk of the United States Supreme Court, Case Analyst of the Supreme Court, and the "Executives" of the Supreme Court. Even construing this *pro se* complaint liberally, Harris's complaint is barred by the doctrine of judicial immunity.

Judicial officers are absolutely immune from civil suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) ("It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions."). The Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983. *Brookings*, 389 F.3d at 617 (citing *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983)). And this immunity applies even if the action at issue was performed in error, done maliciously, or exceeded his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Likewise, this absolute judicial immunity has also been extended to non-judicial officers who perform "quasi-judicial" duties. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* The fact that an error is made is immaterial. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Court clerks and other court officials and employees have therefore been accorded absolute immunity from civil rights actions on claims arising from conduct intrinsically associated with a judicial proceeding. *See, e.g., id.* (court clerk); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973) (municipal court clerk); *Bush*, 38 F.3d at 847 (court administrator and referee).

The named Defendants in this case are court clerks, executives, and analysts. The acts about which Harris complains, including docketing pleadings and accepting court filings, are integral parts of the judicial process. There is no suggestion in the complaint that these actions were taken in the complete absence of any jurisdiction. These Defendants are therefore entitled to absolute judicial immunity. *See Pelmear v. O'Connor*, No. 3:18-cv-01480, 2018 WL 4335634 (N.D. Ohio Sep. 11, 2018).

Moreover, even if Harris's claims were not barred by judicial immunity, his claims concerning the appeal to the Sixth Circuit in 2017 and the petition for a writ of certiorari in the Supreme Court in 2018 would be barred by the statute of limitations because they have occurred more than two years before the filing of this action. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (finding the district court may sua sponte dismiss a complaint under Section 1915(e)(2) as time-barred where, as here, the defect is obvious on the face of the pleading); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (Ohio's two-year statute of limitations for bodily injury applies to Section 1983 claims).

Additionally, it appears that Harris alleges the defendants violated 18 U.S.C. § 242 (deprivation of civil rights). Section 242 is a criminal statute and provides no private right of action to civil plaintiffs. *See Bey v. State of Ohio*, No. 1:11 CV 1306, 2011 WL 4944396, at *3 (N.D. Ohio Oct. 17, 2011) (citing *U.S. v. Oguaju*, 76 F. App'x 579, 2003 WL 21580657, *2 (6th Cir. 2003)). To the extent Harris is attempting to bring criminal charges against the defendants, he lacks standing. *See Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) (A private citizen "has no authority to initiate a federal criminal prosecution [against] defendants for their alleged unlawful acts.") (citing *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986)); *Poole v. CitiMortgage, Inc.*, No. 14-CV-10512, 2014 WL 4772177, at *5 (E.D. Mich. Sept. 24, 2014) (a private citizen lacks standing to initiate criminal proceedings) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). The Court therefore dismisses any claims alleging a violation of Section 242.

Finally, to the extent Harris has raised any state law claims, the Court declines to exercise supplemental jurisdiction over those claims. A district court "may decline to exercise supplemental jurisdiction over a claim" if that court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because Harris's complaint does not allege any cognizable federal claim, and there is no basis in this action for original diversity jurisdiction, the Court declines to exercise supplemental jurisdiction over any state law claim Harris may also be attempting to assert. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal law claims should not ordinarily reach the plaintiff's state-law claims.") (citing 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).

Accordingly, any state law claims Harris may have asserted are dismissed without prejudice. *Bullock v. City of Covington*, 698 F. App'x 305, 307 (6th Cir. 2017) ("Normally, when

a court declines to exercise supplemental jurisdiction, the court dismisses the [state] claims without prejudice.").

Plaintiff's complaint fails to state a claim upon which relief may be granted.

## CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: October 31, 2022

*Charles Fleming*
_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**